# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11cv52

| | |
|---|---|
| SARAH SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE NORTH CAROLINA DIVISION ) | |
| OF MOTOR VEHICLES, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 4]. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of the Financial Responsibility Act of 1957 (the "Act"). Specifically, Plaintiff contends that the Act is facially unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution as well as the North Carolina Constitution. In addition, Plaintiff contends that the Act is unconstitutional as applied to her under the Fourteenth Amendment and the North Carolina Constitution. Finally, Plaintiff asserts a claim for damages against Defendant Brannan in her individual capacity pursuant to Section 1983. Defendants move to dismiss the Complaint. The Court **DENIES without prejudice** the Motion to Dismiss as to Count One.

I.      Background

Plaintiff is a resident of North Carolina who owned two vehicles registered with the North Carolina Department of Transportation. (Pl.'s Compl. ¶¶ 2, 6-7.) Plaintiff maintained a valid car insurance policy on these vehicles until June 3, 2011, when the policies on both vehicles expired without her knowledge. (Id. ¶¶ 8-9.) Thirty-Four days after the policies expired, Plaintiff learned of their expiration through receipt of a notice of expiration from State Farm Mutual Automobile Insurance Company ("State Farm"). (Id. ¶¶ 8, 10.) The next day, Plaintiff hand delivered both insurance premiums to State Farm in order to have the insurance reinstated. (Id. ¶ 11.) As a result, Plaintiff had valid insurance on both vehicles as of July 8, 2011. (Id. ¶ 12.)

Subsequently, on August 9, 2011, Plaintiff received two computer generated letters from the Department of Transportation dated August 4, 2011, and August 5, 2011, requesting that Plaintiff fill out a Re-Certification of Liability Insurance Coverage form and return it by the specified date. (Id. ¶ 14; Ex. B to Pl.'s Compl. at pp. 1-2.) Both letters warned Plaintiff that if she failed to complete the form and return it by the specified date, she would have to surrender her license plate for thirty days and incur additional monetary penalties. (Ex. B. to Pl.'s Compl. at pp. 1-2.)

Several weeks later, the Department of Transportation sent Plaintiff a letter, dated August 26, 2011, indicating that Plaintiff failed to re-certify her automobile insurance and that she must either:

(1) submit a declaration of insurance from her insurance company showing that there was not a lapse of coverage;

(2) surrender the plate for thirty days if the insurance did in fact lapse and then re-license the vehicle after the expiration of thirty days and upon the payment of a license plate fee, a $50.00 restoration fee, and showing proof of insurance; or

(3) request a hearing to appeal the revocation of her plate by providing proof of current insurance and a ten digit phone number by the specified date. (Ex. C to Pl.'s Compl.)

This letter, however, only referenced one of Plaintiff's two vehicles. (Id.) Plaintiff did not receive a similar notice of revocation for the second vehicle. (Pl.'s Compl. ¶ 18.)

On September 1, 2011, Plaintiff's insurance agent sent form FS-1 to the Department of Transportation showing proof of insurance as of July 8, 2011. (Id. ¶ 19.) In addition, Plaintiff's attorney requested a hearing regarding the revocation of Plaintiff's plate. (Id. ¶ 20.) In response to her attorney's request, the

Department of Transportation scheduled a telephone hearing for September 28, 2011, at 9:45 a.m. (Id. ¶¶ 20-21.) The Department of Transportation stated that it would initiate the hearing by calling Plaintiff's cell phone. (Id. ¶ 21.) The Department of Transportation, however, failed to call Plaintiff and initiate the scheduled hearing. (Id. ¶¶ 22, 25.) Subsequently, Plaintiff called the Department of Transportation, but its employees failed to allow her the opportunity to have a hearing. (Id. ¶ 24.) Several days later, Plaintiff surrendered the plates to her vehicles. (Id. ¶ 27.)

Plaintiff then brought this action pursuant to Section 1983 challenging the constitutionality of the Financial Responsibility Act of 1957, both facially and as applied to her. Plaintiff also sought monetary damages against Defendant Brannan in her individual capacity. Defendants moved to dismiss the Complaint. Defendants' motion is now properly before the Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the

light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ___, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. The Court Denies without Prejudice the Motion to Dismiss as to Count One**

Plaintiff brought this action pursuant to section 1983 challenging the constitutionality of N.C. Gen. Stat. § 20-311. Plaintiff contends that this statute is unconstitutional on its face under the Fifth and Fourteenth Amendments to the United States Constitution as well as the North Carolina Constitution. Specifically, the Complaint alleges that the Act violates Plaintiff's right of self-incrimination under the Fifth Amendment as applied to the states through the Fourteenth Amendment, as well as Section 23, Article I of the North Carolina Constitution. (Pl.'s Compl. ¶ 39.) In addition, the Complaint alleges that the Act violates "her rights to substantive due process under the Fourteenth Amendment to the United States Constitution and Section 19, Article I of the North Carolina Constitution.

(Id. ¶ 41.) Finally, the Complaint alleges that the Act violates procedural due process under the Fourteenth Amendment. (Id. ¶ 42.)

Defendant's Motion to Dismiss as to Count One, however, fails to set forth the legal standard for asserting such claims and fails to offer any legal authority supporting its position that such claims are subject to dismissal. It is not the role of this Court to perform the job of Defendants' counsel. If a party wants this Court to address the merits of a plaintiff's claims at the motion to dismiss stage, the party must at the very least set forth the legal standard for asserting such a claim and explain how the complaint fails to allege factual allegations supporting each element of the claim. Defendant's brief legal argument as to Count One is insufficient to allow the Court to properly address the merits of Plaintiff's various constitutional challenges to the Act contained in Count One of the Complaint.

Moreover, the Court has several concerns with the allegations raised in Count One that were not addressed by the parties. Most importantly, whether Plaintiff has standing to assert a claim under the Fifth Amendment challenging the Act when the State has not attempted to use her statement in a later criminal proceeding, see e.g., Nat'l Treasury Emps. Union v. U.S. Dept. of the Treasury, 25 F.3d 237, 241-42 (5th Cir. 1994), and whether Plaintiff may maintain this action where she has not been compelled to be a witness against herself in a criminal case,

see Burrell v. Virginia, 395 F.3 508, 513 (4th Cir. 2005).[1] Surprisingly, neither party has even addressed the Fourth Circuit's holding in Burrell and whether it has any applicability to this case. Accordingly, the Court **DENIES without prejudice** the Motion to Dismiss as to Count One.

IV. **Conclusion**

The Court **DENIES without prejudice** the Motion to Dismiss [# 4] as to Count One.

Signed: July 25, 2012

Dennis L. Howell
United States Magistrate Judge

---

[1] For example, in California v. Byers, the motorist challenging the California statute was prosecuted criminally. 402 U.S. 424, 425-26, 91 S. Ct. 1535, 1537 (1971).